DECISION
This matter came on before the Court on Petitioner John Eddy's motion to recuse, received by the Court by letter dated July 9, 2010 (a copy of which is attached). In the interest of resolving all the matters before this Court without further delay, this Court issues the within decision as if the letter was a properly filed motion before this Court. For the reasons set forth below, this Court denies Petitioner's motion.
 I Travel
This matter originally came before this Court on or about January 21, 2010, on Petitioner's Motion for Further Authorization in Connection with Ongoing DNA Testing. The State filed its Objection and the matter was scheduled for hearing before this Court on April 26, 2010. On that date, however, Petitioner had not yet received or reviewed the State's written objection and therefore the case was rescheduled for argument on May 3, 2010.[1] *Page 2 
Oral argument was conducted on May 3, 2010, with Petitioner represented by counsel for the purposes of the oral argument only and not with respect to any appeal from the appeal from P1/2004-1286A. While this Court was preparing a written decision on Petitioner's Motion, Petitioner moved to have this Court disqualified from further consideration of this matter. Specifically, Petitioner alleges that in light of the Court's marriage to a sworn member of the Rhode Island State Police, "there is very likely a concern amounting to a conflict of interest that would preclude [this Court] from continuing on as a reviewing justice of [Petitioner's] case." See July 9, 2010 correspondence.
 II Standard for Recusal
Article VI, Canon 3E of the Rhode Island Supreme Court Rules of Judicial Conduct provides as follows:
 E. Disqualification
 1. A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
 (a) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 (b) The judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge has been a material witness concerning it;
 (c) The judge knows that he or she, individually or as a fiduciary, or the judge's spouse, parent or child wherever residing, or any other member of the judge's family residing in the judge's household, has an economic interest in the subject matter in controversy or in a party to the proceeding or has any more than a de minimis interest that could be substantially affected by the proceeding[;] *Page 3 
 (d) The judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:
 (i) is a party to the proceeding, or an officer, director or trustee of a party;
 (ii) is acting as a lawyer on the proceeding;
 (iii) is known by the judge to have more than a de minimis interest that could be substantially affected by the proceeding;
 (iv) is to the judge's knowledge likely to be a material witness in the proceeding.
Further, Canon 3F provides:
 F. Remittal of Disqualification. A judge disqualified by the terms of Section 3E may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, out of the presence of the judge, whether to waive disqualification. If following disclosure of any basis for disqualification other than personal bias or prejudice concerning a party, the parties and lawyers, without participation by the judge, all agree that the judge should not be disqualified, and the judge is then willing to participate, the judge may participate in the proceeding. The agreement shall be incorporated into the record of the proceedings.
 III Analysis
Petitioner maintains that this Court is disqualified from ruling upon the pending Motion for Further Authorization in Connection with Ongoing DNA Testing by virtue of Canon 3E. In support thereof, Petitioner asserts that the Rhode Island State Police, with whom Cpl. Scott Raynes is employed, is the same agency that investigated the allegations that culminated in the indictment and conviction in P1-04-1286A. Notably, Cpl. Raynes has never served in the Detective Division of the Rhode Island State Police, the investigating unit within the Division of the State Police, and otherwise was not an arresting officer in Petitioner's case. This Court certainly has no personal knowledge of any evidentiary facts concerning that investigation that took place on or after December 20, 2002. Canon 3E(l)(a). Moreover, no member of the Rhode Island State Police, *Page 4 
including Cpl. Raynes, has an economic interest in the subject matter in controversy namely, the further DNA testing sought by Petitioner — or any more than a de minimis interest that could be substantially affected by the pending Motion for Further Authorization in Connection with Ongoing DNA Testing. Canon 3E(1)(c). Finally, Cpl. Raynes is not likely to be a material witness to this Motion for Further Authorization in Connection with Ongoing DNA Testing and is not a party to this proceeding, nor is the Rhode Island State Police a party to the proceeding. Canon 3E(l)(d). For these reasons, this Court is not disqualified by the express terms of Canon 3E.
Further, this Court notes that the disqualification of a judge is not limited to the enumerated situations set forth in Canon 3E(l)(a) — (d). Canon 3E. The issue, then, is whether this Court's "impartiality might reasonably be questioned." Id. This Court's consideration of Petitioner's case is limited to the narrow issue of Petitioner's request for additional DNA testing beyond the Y-STR DNA testing already conducted. In no way does this Court's consideration venture into the propriety, conduct or results of any Rhode Island State Police investigation. This Court is not called upon to assess the credibility of any member of the Rhode Island State Police, nor does the Rhode Island State Police benefit economically or otherwise by any ruling that this Court makes on Petitioner's pending Motion. Accordingly, this Court's impartiality could not reasonably be questioned. Canon 3E(1).
Finally, because this Court is not disqualified pursuant to Canon 3E or any other Rule of Judicial Conduct, Canon 3F is inapplicable. *Page 5 
For all these reasons, and in the interest of the efficient and timely resolution of matters brought before this Court, this Court treats Petitioner's written communication dated July 9, 2010 as a properly filed Motion to Recuse and denies the same.
 IV Conclusion
For the foregoing reasons, Petitioner's motion to disqualify is denied. An order consistent with this Decision shall be prepared by counsel for the State.
[1] On March 19, 2010, Petitioner filed an Emergency Petition for Writ of Certiorari in the Rhode Island Supreme Court seeking to prevent this Court from ruling on Petitioner's pending Motion for Further DNA Testing, and for the Supreme Court to order the State to pay for the additional testing sought. Notably, the Supreme Court has not acted on such Emergency Petition.